Fahey, J.
(dissenting). I respectfully dissent and would affirm the judgment. I agree with the majority that the verdict is not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 349 [2007]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]). The People’s case turned primarily on the testimony of the victim, who cast defendant as a supervisory figure at a children’s sleepover held at defendant’s home. The victim specifically testified that defendant invited the children to sleep in his bedroom and that, while the victim was on defendant’s bed, defendant inserted his hand into the victim’s pants and squeezed the victim’s penis. The People also presented the testimony of the victim’s older brother, who similarly recalled that defendant invited the subject children to sleep in defendant’s bedroom, and that defendant put his hand into the victim’s pants while defendant and the victim were lying face-to-face on defendant’s bed.
*1430 By contrast, defendant, the longtime supervisor of the Town of Trenton, testified that the children, whom he characterized as rambunctious, entered his bedroom uninvited. Defendant resided with one of the children present for the sleepover and, while defendant indicated that he was comfortable with the presence of that child in his bed, he was uncomfortable with the presence of the victim in that location. Consequently, when the victim “hopped” into defendant’s bed, defendant told the victim to leave the bed and told the child with whom defendant was comfortable that such child could take the victim’s place. On cross-examination, defendant acknowledged that he had previously engaged in a sexual relationship with the father of the child with whom defendant was comfortable, and that the father of that child also lived with defendant. At no point did defendant admit to touching the victim but, under these circumstances, I agree with the majority that the jury was entitled to resolve what was essentially a contest of credibility between the prosecution’s witnesses and defendant against defendant (see People v Witherspoon, 66 AD3d 1456, 1457 [2009], lv denied 13 NY3d 942 [2010]).
The same circumstances, however, lead me to conclude that this is not a case in which we should exercise our power to review defendant’s remaining contentions, which are not preserved for our review, as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]), and grant defendant a new trial. In my view, the jury was justified in finding defendant guilty beyond a reasonable doubt even in the absence of the evidence and comments that defendant now challenges (see Danielson, 9 NY3d at 348). Indeed, even assuming, arguendo, that defendant’s contentions with respect to the admission of disputed evidence and what defendant contends were the prosecutor’s improper comments have merit, I cannot agree with the majority that defendant was deprived of a fair trial by the cumulative effect of what I view those alleged errors to be. Present — Smith, J.P., Fahey, Whalen and DeJoseph, JJ.